Filed 9/28/22  P. v. Cao CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G060154 |
| v. | (Super. Ct. No. 93CF2314) |
| PHAT NGUYEN CAO, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Andre Manssourian, Judge.  Reversed and remanded with directions.

Heather L. Beugen, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Eric A. Swenson and Marvin E. Mizell, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

Defendant Phat Nguyen Cao pleaded guilty to one count of murder, a substantive gang crime (street terrorism), and related enhancements. Cao later filed a petition to vacate his murder conviction and to be resentenced. (Pen. Code, § 1172.6 (former § 1170.95).)[1] Based solely on facts as stated on a felony plea form, the trial court found Cao committed a provocative act murder and summarily denied the petition.

If the prosecution proves beyond a reasonable doubt a petitioner committed a provocative act murder, then he or she is ineligible for relief under section 1172.6 as a matter of law. (*People v. Lee* (2020) 49 Cal.App.5th 254, 265 (*Lee*).) But whether Cao committed a provocative act murder is a question of fact, so it must be decided by the trial court "only after issuing an order to show cause and holding an evidentiary hearing." (See *People v. Duchine* (2021) 60 Cal.App.5th 798, 811-812.)

Thus, we reverse the trial court's order and remand the matter, directing the court to issue an order to show cause (OSC) and hold an evidentiary hearing.

# I

## PROCEDURAL BACKGROUND

In February 1994, the prosecution charged Cao with one count of murder and one count of street terrorism. The information alleged a gang enhancement, and that Cao was vicariously armed with a firearm.

In July 1994, Cao pleaded guilty to first degree murder, the street terrorism charge, and admitted the sentencing enhancements (the felony plea form will be covered in greater detail in the discussion section).

In January 1995, the trial court granted a motion by the prosecution to reduce Cao's murder conviction to that of the second degree. The court imposed a total aggregate sentence of 15 years to life.

---

[1] Further undesignated statutory references are to the Penal Code. The Legislature recently renumbered the statute with no substantive changes. (Stats. 2022, ch. 58, § 10.)

2

In December 2020, Cao filed a petition seeking to vacate his second degree murder conviction and to be resentenced. (§ 1172.6.)

In February 2021, the prosecution filed an opposition, which included two exhibits: the 1994 information and the 1994 felony plea form. The prosecution argued, "Interpreting the record of conviction[,] petitioner plead[ed] guilty to a provocative act murder." (Boldfacing and capitalization omitted.)

In March 2021, the trial court denied the petition: "Suffice it to say that the Court's finding is that [Cao's petition] does not fit within the parameters of [section 1172.6] because of the fact it was a provocative act murder." Cao filed an appeal.


II

DISCUSSION

Cao contends the trial court improperly denied his petition at the prima facie stage based on the record of conviction. "This is a purely legal conclusion, which we review de novo." (See *People v. Murillo* (2020) 54 Cal.App.5th 160, 167.)

In this discussion, we will: A) review relevant legal principles, B) summarize the record of conviction, and C) analyze the law as applied to the facts.


*A. Relevant Legal Principles*

"Murder is the unlawful killing of a human being . . . with malice aforethought." (§ 187, subd. (a).) Malice may be express or implied. (§ 188, subd. (a).)

However, under the felony-murder rule, a defendant may be convicted of murder without malice if a victim is killed during a predicate felony. (CALCRIM No. 540A ["A person may be guilty of felony murder even if the killing was unintentional, accidental or negligent"].) And under the natural and probable consequences theory, a defendant could be convicted of an unintentional murder (a nontarget offense), if the murder was a reasonably foreseeable result of an intended crime (a target offenses).

3

(*People v. Montes* (1999) 74 Cal.App.4th 1050, 1055.)

Effective January 1, 2019, the Legislature narrowed the scope of the felony-murder rule (§ 189) and eliminated the natural and probable consequences theory as it relates to murder (§ 188), "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Sen. Bill No. 1437; Stats. 2018, ch. 1015, § 1, subd. (f).)

The Legislature also created a procedure for those "convicted of felony murder or murder under a natural and probable consequences doctrine [to] file a petition . . . to have the petitioner's murder conviction vacated and to be resentenced." (§ 1172.6 subd. (a).) The section 1172.6 petition must generally claim: (1) a pleading was filed against the petitioner allowing prosecution under the felony-murder rule or the natural and probable consequences theory; (2) the petitioner was convicted of murder following a trial or a guilty plea; and (3) the petitioner could not now be convicted of murder because of changes to sections 188 and 189. (§ 1172.6, subd. (a).)

If the section 1172.6 petition facially complies with the statute, the trial court must appoint counsel (if requested), and then "hold a hearing to determine whether the petitioner has made a prima facie case for relief." (§ 1172.6, subd. (c).)

"[T]he prima facie inquiry . . . is limited. Like the analogous prima facie inquiry in habeas corpus proceedings, '"the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause."'" (*People v. Lewis* (2021) 11 Cal.5th 952, 971 (*Lewis*).)

"'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner."'" (*Lewis*, *supra*, 11 Cal.5th at p. 971.) "In reviewing any part of the record of conviction at this preliminary juncture, a

4

trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.'" (*Id.* at p. 972.) The court's inquiry "is limited to readily ascertainable facts from the record (such as the crime of conviction), rather than factfinding involving the weighing of evidence or the exercise of discretion (such as determining whether the petitioner showed reckless indifference to human life in the commission of the crime)." (*People v. Drayton* (2020) 47 Cal.App.5th 965, 980, abrogated on a different point of law in *Lewis*, *supra*, 11 Cal.5th at p. 963.)

"[T]he 'prima facie bar was intentionally and correctly set very low.'" (*Lewis*, *supra*, 11 Cal.5th at p. 972; *People v. Duchine*, *supra*, 60 Cal.App.5th at p. 815 ["the time for weighing and balancing and making findings on the ultimate issues arises at the evidentiary hearing stage rather than the prima facie stage, at least where the record is not dispositive on the factual issues"].)

If the section 1172.6 petitioner makes a threshold prima facie showing, the trial court must generally issue an OSC and hold an evidentiary hearing. (§ 1172.6, subd. (d)(1).) At the evidentiary hearing, the prosecution has the burden to prove beyond a reasonable doubt the petitioner is not entitled to relief under the statute. (§ 1172.6, subd. (d)(3).) Both the prosecution and the petitioner may present additional evidence beyond the record of conviction. (§ 1172.6. subd. (d)(3).)

Generally, a provocative act murder occurs when a defendant commits a provocative act that causes the death of an accomplice or a third party. (*People v. Cervantes* (2001) 26 Cal.4th 860, 867.) "The provocative act murder doctrine has traditionally been invoked in cases in which the perpetrator of the underlying crime instigates a gun battle . . . and the police, or a victim of the underlying crime, responds . . . by shooting back and killing the perpetrator's accomplice or an innocent bystander." (*Id.* at pp. 867-868.) A provocative act murder requires a finding of malice; therefore, a petitioner convicted of a provocative act murder is ineligible for relief under section 1172.6 as a matter of law. (See *Lee*, *supra*, 49 Cal.App.5th at p. 265.)

5

*B.  The Record of Conviction*

According to the 1994 information, the prosecution charged Cao and a codefendant with murder and street terrorism.  The information further alleged a vicariously armed firearm allegation and a gang enhancement.

On the 1994 felony plea form, are the handwritten words:  "On 8-6-93 in Orange County I willfully and unlawfully entered a gunfight after lying in wait for my opponent, Doi Phung, knowing my actions would cause Doi Phung to use lethal force in response to my actions, causing Doi Phung to shoot and kill a person while attempting to shoot me.  I did this crime for the benefit of Nip Family, a criminal street gang."[2]

*C.  Analysis and Application*

In his section 1172.6 petition, Cao averred:  "I was convicted of 2nd degree murder under the natural and probable consequences doctrine or under the 2nd degree felony murder doctrine and I could not now be convicted of murder because of changes to Penal Code § 188, effective January 1, 2019."

The parties do not dispute that Cao's section 1172.6 petition facially complies with the requirements of the statute.  And under the test for prima facie evidence, we must accept Cao's assertions in his petition as true, meaning Cao could not be convicted of murder under current law.  Therefore, unless the record of conviction conclusively establishes otherwise—without our weighing the evidence or exercising our discretion—then Cao is entitled to an OSC and an evidentiary hearing.

Based on our understanding of the relevant laws, Cao's factual statement on the felony plea form certainly suggests Cao admitted to committing a provocative act murder, rather than a felony murder, or a murder under the natural and probable consequences theory.  And if the record of conviction were dispositive on this factual

---

[2] Typographical errors have been corrected for clarity.

6

issue, we would find Cao ineligible for relief under section 1172.6 as a matter of law.

However, because we are reviewing the record of a guilty plea, rather than the record of a jury trial, we cannot look at a document such as a jury instruction or an appellate opinion to conclusively determine Cao—as a matter of law—committed a provocative act murder. (See, e.g., *People v. Soto* (2020) 51 Cal.App.5th 1043, 1054-1055 ["the jury instructions themselves demonstrate as a matter of law that Soto could not make a prima facie showing that he is entitled to relief"]; see also, e.g., *People v. Duchine*, *supra*, 60 Cal.App.5th at p. 810 [an unpublished opinion established as a matter of law defendant was ineligible for relief under section 1172.6].)

Indeed, Cao's factual statement on the felony plea form does not establish *as a matter of law* that he committed a provocative act murder; rather, it requires us to *interpret the facts as applied to the law* (as the prosecution explicitly urged the trial court to do at the prima facie stage). This constitutes a quintessential exercise of discretion. (See *Haraguchi v. Superior Court* (2008) 43 Cal.4th 706, 711-712 [in an *abuse of discretion* standard of review, a "trial court's findings of fact are reviewed for substantial evidence, its conclusions of law are reviewed de novo, and its *application of the law to the facts* is reversible only if arbitrary and capricious," fns. omitted, italics added].)

In short, without weighing the evidence or exercising our discretion, we cannot say as a matter of law that Cao is ineligible for relief under the statute. (See § 1172.6, subd. (b).) Thus, we reverse the trial court's order denying Cao's petition. On remand, we direct the court to issue an OSC and conduct an evidentiary hearing.

The Attorney General argues the 1994 felony plea form conclusively shows Cao committed a provocative act murder, relying primarily on *Lee*, *supra*, 49 Cal.App.5th at pages 264-265. We disagree.

In *Lee*, the prosecution charged defendant with murder and related crimes. (*Lee*, *supra*, 49 Cal.App.5th at p. 259.) A jury found defendant guilty after being instructed on the provocative act murder theory, "which requires a finding of 'at least

implied malice.'" (*Id*. at p. 260.) On direct appeal, the appellate court affirmed defendant's provocative act murder conviction in an unpublished opinion. (*Id*. at p. 259.) Years later, defendant filed a section 1172.6 petition, which was denied by the trial court at the prima facie stage. (*Lee*, at p. 260.) Defendant again appealed. (*Ibid*.) After reviewing its own unpublished opinion, "which expressly stated [the defendant] was convicted under the provocative act doctrine," the Court of Appeal affirmed the trial court's denial of the section 1172.6 petition. (*Lee*, at pp. 265, 267.)

Here, unlike the record of conviction in *Lee*, there is no appellate opinion, or any other document (such as a verdict form or a jury instruction), that *expressly states* Cao was convicted of murder under the provocative act murder theory. Therefore, the *Lee* opinion is readily distinguishable, and it does not alter our analysis.

Cao's counsel argues: "If Doi Phung [the person named in the felony plea form] was a fellow member of appellant's gang, which is a reasonable conclusion based Doi Phung's name, and the two of them were engaged in the target offense of active participation in a criminal street gang for say, being required to challenge each other to a gun fight at an elder gang member's direction, then the reasonably foreseeable death of the victim in this case . . . could lawfully support a finding that appellant was convicted of murder under the natural and probable consequences doctrine, rather than under a theory of provocative act murder."

The Attorney General responds: "The suggestion that Phung and appellant were somehow in the same gang, and that an elder ordered them to engage in a gunfight, solely based on the fact that they shared a common Vietnamese surname *with no other supporting evidence*, is unworthy of this court's consideration." (Italics added.)

In sum, we decline the parties' invitations to interpret Cao's factual statement on the 1994 felony plea form because: 1) fact finding cannot be done at the prima facie stage; and 2) Cao (and the prosecution) will be given the opportunity to offer "other supporting evidence" at the evidentiary hearing.

## III

## DISPOSITION

The trial court's order denying Cao's petition is reversed.  On remand, the court is directed to issue an OSC and conduct an evidentiary hearing.


                                        MOORE, ACTING P. J.

WE CONCUR:


GOETHALS, J.


MOTOIKE, J.